UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Hearing Date: February 14, 2013
Hearing Time: 10:00 a.m.

---------------------------------------------------------x

`:    (Chapter 11)

In re                        :

:   Case No. 13-40138 (JF)

WORLD HARVEST DELIVERANCE     :
CENTER,                       :

                              :

          Debtor.             :

---------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed declaration of Greg M. Zipes and

accompanying memorandum of law, Tracy Hope Davis, the United States Trustee for Region 2,

will move this Court before the Honorable Jerome Feller, United States Bankruptcy Judge, in the

United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, **on February 14,**

**2013, at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for entry of an order under 11

U.S.C. § 1112(b) dismissing this case, and for such other and further relief as this Court may deem

just and proper.  The original application and memorandum of law are on file with the Clerk of the

Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed

with the Court and served on the United States Trustee, 271 Cadman Plaza East, Suite 4529,

Brooklyn, New York 11201, Attention: Greg Zipes, Trial Attorney, so as to be received no later

than seven days prior to the hearing date.  Responsive papers shall state the factual grounds and

legal authorities that support the respondent's position, either in the response or in a memorandum

of law.  Failure to provide this information may be grounds to strike the response or to grant the

Motion by default.

Dated:  Brooklyn, New York
        January 11, 2013

                                    TRACY HOPE DAVIS
                                    UNITED STATES TRUSTEE

                          By:    /s/ Greg M. Zipes
                                 Greg M. Zipes
                                 Trial Attorney
                                 271 Cadman Plaza East, Room 4529
                                 Brooklyn, New York 11201
                                 Tel. No. (718) 422-4960

To:
World Harvest Deliverance Center
15-21 Central Avenue
Far Rockaway, NY 11691

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                        :     Case No. 13-40138 (JF)
In re                                                   :
                                                        :     (Chapter 11)
WORLD HARVEST DELIVERANCE                                :
CENTER,                                                  :
                                                        :
                                    Debtor.              :
                                                        :
-------------------------------------------------------- x


### MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
### IN SUPPORT OF MOTION FOR AN ORDER TO DISMISS THIS CHAPTER 11 CASE

TO THE HONORABLE JEROME FELLER, UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of Tracy Hope Davis,

the United States Trustee for Region 2 (the "United States Trustee"), for an order dismissing the

Chapter 11 case of World Harvest Deliverance Center (the "Debtor").

### INTRODUCTION

The Debtor is a corporation but has not retained counsel under Section 327 of the

Bankruptcy Code.  The Court should therefore convert this case to one under Chapter 7 of the

Bankruptcy Code or dismiss this case.

### FACTS

1.      The Debtor filed a Chapter 11 bankruptcy petition on January 10, 2013 (the

"Petition"), without schedules of assets and liabilities or a statement of financial affairs.  See Zipes

Decl. Ex. A (docket).  The Debtor checked that it is a tax-exempt entity.[1]  See Zipes Decl. Ex. B

(Petition, first page).

---

[1] Section 1112(c) states that "[t]he court may not convert a case under this chapter to a case under chapter 7 of this title
if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor

2.        Upon information and belief, the Debtor is a non-denominational church.  See

Zipes Decl. Ex. C and ¶ 4.

**ARGUMENT**

**Cause for Dismissal**
**for Failure to Retain Counsel**

The Court shall dismiss a case filed under Chapter 11 for cause.  See 11 U.S.C. §

1112(b)(4).  "Cause" to convert or dismiss is not limited to the expressly enumerated provisions

of the statute.  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting

"the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b)

as long as those reasons satisfy 'cause.'"); see also Alan N. Resnick, Henry J. Sommer, and

Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section

1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter

11 case for reasons other than those specified in section 1112(b) so long as the reasons are

sufficient to demonstrate cause.").

Here, the Debtor is appearing pro se, as its counsel was never retained under the

Bankruptcy Code.  A corporation, or other artificial entity, may appear in the federal courts only

through licensed counsel.  Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993); Jones

v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal

proceeding must be represented by counsel);  Fed. R. Bankr. P. 9010 (Advisory Committee Note

states that the rule does not purport to change prior holdings prohibiting a corporation from

appearing pro se, citing In re Las Colinas Development Corp., 585 F.2d 7 (1st Cir. 1978)).  The pro

se filing of a chapter 11 petition by a corporation is impermissible.  In re BSL Operating Corp., 57

---

requests such conversion."

2

B.R. 945, 947 (Bankr. S.D.N.Y. 1986).  This Court should dismiss this case on the ground that the

Debtor has failed to retain counsel as required under applicable law.  See Zipes Decl. Ex. A

(docket).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an

order dismissing this Chapter 11 case, and granting such other and further relief as may be deemed

just and proper.

Dated:  Brooklyn, New York
        January 11, 2013

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE


                            By:    /s/ Greg M. Zipes
                                   Greg M. Zipes
                                   Trial Attorney
                                   271 Cadman Plaza East
                                   Brooklyn, New York 11201
                                   Tel. No. (718) 422-4960